UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| HENRY JACKSON<br>828 NICHOLAS ST.<br>ELIZABETHTOWN, KY 42701<br><br>Vs.<br><br>ROSE MANKTELOW<br>In her individual capacity<br>415A PELL STREET<br>FORT KNOX, KY 40121 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | PLAINTIFF<br><br>Civil action no. 3:22-CV-263-CRS<br><br>Judge: _____<br><br><br><br>DFEENDANT |

## COMPLAINT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, Henry Jackson, by and through counsel, and for his Complaint against the Defendant Rose Manktelow, in her individual capacity, states and represents as follows:

### JURISDICTION AND VENUE

1. That all times relevant to this lawsuit, Plaintiff, Henry Jackson, is an adult citizen of Kentucky with a residence at 828 Nicholas St., Elizabethtown, KY 42701;

2. That Defendant is an adult citizen of Kentucky with a residence at 415A Pell Street, Fort Knox, KY 40121;

3. That Defendant is a Major in the United States Army and works at Fort Knox Ireland Health Clinic at 200 Brule St., Building 871, Fort Knox, KY 40121;

4. That 28 U.S.C. § 1331 gives federal district courts original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States. Federal enclave jurisdiction arises from the Constitution, specifically Article I, Section 8, Clause 17. The

"enclave clause" gives Congress power to pass laws concerning land the federal government has purchased from the states: The Congress shall have power … to exercise like authority over all places purchased by the consent of the Legislature of the State in which the same shall be, for erection of forts, magazines, arsenals, dockyards, and other needful buildings;

5. That 28 U.S.C. § 1346 and 1367 grant federal courts original jurisdiction over certain claims against the United States and supplemental jurisdiction over nonfederal claims that are sufficiently related to federal claims;

6. That all actions relevant to this case took place in Fort Knox, Kentucky;

7. That Plaintiff's damages exceed the jurisdictional limit for this Court; therefore, jurisdiction is proper;

8. Venue lies properly in this Court;

## FACTS

9. The Plaintiff incorporates the preceding paragraphs above as fully set forth herein;

10. That Plaintiff is an African American male and works for Professional Contract Services as a floor technician;

11. That on May 21, 2021, Plaintiff was working a job at a Fort Knox Medical facility, where he first encountered Defendant, Rose Manktelow;

12. That Plaintiff had no prior communications or encounters with Defendant Manktelow before this date;

13. That Defendant Manktelow accused Plaintiff of following her to her car and stalking her, and brought these false accusations against Plaintiff to her superiors and Plaintiff's employer;

14. That Defendant Manktelow also spread these defamatory statements about Plaintiff to two of her coworkers, Tiffany Gambell and Latonya Hampton;

15. That Plaintiff never followed or stalked Defendant Manktelow, and was dumbfounded when he learned Defendant Manktelow made these false allegations against him;

16. That upon information and belief Defendant Manktelow's false allegations were due to Plaintiff's race and skin color;

17. That Plaintiff's employer investigated the incident and found no evidence of any wrongdoing on the part of Plaintiff;

18. That Plaintiff was prevented from finishing his work at the Fort Knox Medical facility, forced to cease all contact with Defendant Manktelow, and saw a therapist as a result of this humiliating treatment;

19. That Defendant Manktelow's false statements constitute defamation under Kentucky law;

## DEFAMATION

20. The Plaintiff incorporates the preceding paragraphs above as fully set forth herein;

21. That in order to prove a claim for Defamation in Kentucky, the Plaintiff must show: "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014);

22. That (a) Defendant Manktelow made false and defamatory statements against Plaintiff by accusing him of stalking her;

23. That (b) Defendant Manktelow spread these false and defamatory statements about Plaintiff to her superiors, Plaintiff's employer, and two of her coworkers, Tiffany Gambell and Latonya Hampton;

24. That (c) by Defendant Manktelow's false statements amount to at least negligence on the part of Defendant;

25. That (d) Defendant Manktelow's defamatory statements have caused Plaintiff monetary damages, damages to his reputation in the community, and humiliation;

26. That Plaintiff having shown that Defendant Manktelow spread defamatory statements about his character has suffered and will continue to suffer monetary loses based on humiliation, loss of income, harm to his reputation, embarrassment, and mortification of feelings;

## **FALSE LIGHT**

27. Plaintiff hereby incorporates the preceding paragraphs above as fully set forth herein;

28. That the Kentucky Supreme Court has set out the basic requirements for such a false light action: (1) the false light in which the other was placed would be highly offensive to a reasonable person, and (2) the publisher had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other was placed. *Cromity v. Meiners*, 494 S.W.3d 499, 505 (Ky. Ct. App. 2015) (citing *McCall v. Courier Journal & Louisville Times Co.*, 623 S.W.2d 882, 887-88 (Ky. 1981));

29. That, (1) Defendant's false and malicious statements about Plaintiff following and stalking her placed Plaintiff in a false light which would be highly offensive to a reasonable person;

30. That (2) Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff was placed;

31. That Defendant knew that Plaintiff was not stalking her, however she spread this lie about Plaintiff to her superiors, Plaintiff's employer and two of her coworkers, Tiffany Gambell and Latonya Hampton. Plaintiff's employer investigated the incident and found no merit to Defendant's allegations;

32. That Plaintiff having shown that Defendant placed Plaintiff in false light has suffered and will continue to suffer monetary loses based on humiliation, loss of income, harm to his reputation, embarrassment, and mortification of feelings;

**WHEREFORE,** the Plaintiff, Henry Jackson, prays this Court:

1. Declare Defendant's actions in violation of Plaintiff's rights;
2. Award Plaintiff damages for Defendant's Defamation;
3. Award Plaintiff damages for Defendant's False Light;
4. Award Plaintiff court costs herein reported;
5. Award Plaintiff costs, interest, and attorney's fees in the court's discretion;
6. Award Plaintiff pre-judgment and post-judgment interest;
7. Award Plaintiff statutory and punitive damages;
8. Grant Plaintiff such further relief as this Court may deem just and proper;
9. Plaintiff reserves the right to amend this Complaint;

## JURY DEMAND

Plaintiff, Henry Jackson, demands a jury to try all issues triable by jury.

Respectfully Submitted,

*s/ Oliver Wilhite*

Oliver Wilhite
ABELL ATTORNEYS
526 Greenup Street
Covington, KY 41011
(859)608-7309
ollie@attorneyabell.com

Brian G Abell
ABELL ATTORNEYS
1387 South 4th St.
Louisville, KY 40208
(502) 242-7185
brian@attorneyabell.com

*Counsel for Plaintiff*