UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HENRY JACKSON**  **PLAINTIFF**

**vs.**  **CIVIL ACTION NO. 3:22-CV-263-CRS**

**PROFESSIONAL CONTRACT SERVICES, INC.**  **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court on the motion of Defendant Professional Contract Services, Inc. ("PCSI") for judgment on the pleadings. DN 20. The matter is ripe for adjudication. For the following reasons, the Court will grant the motion.

**I.  BACKGROUND**

Plaintiff Henry Jackson is an African American man currently employed by PCSI as a floor technician. DN 5, at PageID # 21. Jackson filed an amended complaint on August 4, 2022, claiming that PCSI discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. *Id.* at 22. PCSI had a contract to provide cleaning services on the Fort Knox military base. *Id.* at 25. Jackson alleges that while he was working for PCSI at Fort Knox, Major Rose Manktelow accused him of "following her to her car and stalking her." *Id.* at 21. He alleges that PCSI investigated the accusation and "determined the allegations were false." *Id.* at 21–22. Nevertheless, Jackson alleges PCSI "prevented him from working near Defendant Manktelow,[1] which caused him to fall behind on his work duties. Plaintiff had to wait until Defendant Manktelow was not in the building to be able to clean her office space."

---

[1] Manktelow is no longer a defendant in this action (DN 9), and PCSI is the only remaining defendant. *See* DN 12 (dismissing claims against the United States).

*Id.* at 25. Jackson alleges PCSI also "labeled him a stalker" and "participate[ed] in the defamation by advancing Defendant Manketlow's false reports." *Id.* at 21. PCSI now moves for judgment on the pleadings.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Thus, to survive a Rule 12(c) motion a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 545. "The complaint must [] contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *White v. Coventry Health & Life Ins. Co.*, 680 F. App'x 410, 413 (6th Cir. 2017) (quoting *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The Court need not accept legal conclusions as true. *Id.* The motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (citation omitted).

## III.   DISCUSSION

Title VII makes it unlawful for an employer to:

(1) . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race.

42 U.S.C. § 2000e-2(a). A Title VII plaintiff may establish discrimination "by putting forward direct evidence that the defendant had a discriminatory motive in carrying out its employment decision" or by utilizing "the indirect burden-shifting approach first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998). Under the *McDonnel Douglas* framework, the plaintiff must establish a prima facie case of racial discrimination. 411 U.S. at 802. "Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981).

To establish a prima facie case, the plaintiff must prove: (1) he is a member of a protected class; (2) "he suffered an adverse employment action; (3) [] he was professionally qualified for the position he held at the time of the action; and (4) [] he . . . was treated differently from similarly situated employees outside the protected class." *White v. Duke Energy-Kentucky, Inc.*, 603 F. App'x 442, 446 (6th Cir. 2015) (citing *Clayton v. Meijer, Inc.*, 281 F.3d 605, 607 (6th Cir. 2002)).

At the pleading stage, the plaintiff is not required to "plead facts establishing a prima facie case." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)). But the complaint must allege facts to support a reasonable inference that the defendant "discriminate[d] against [the plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race." *Id.* at 610 (quoting 42 U.S.C. § 2000e-2(a)(1)).

PCSI moves for judgment on the pleadings, arguing the amended complaint fails to allege facts to support an inference that Jackson suffered an actionable adverse employment action, or that a similarly situated non-protected employee was treated more favorably. DN 20.

### A. Adverse Employment Action

The Sixth Circuit has described what constitutes an adverse employment action under Title VII, and "held that job changes that do not change one's salary, benefits, title, or work hours usually do not constitute adverse employment actions, even if one's job becomes significantly more difficult." *Broska v. Henderson*, 70 F. App'x 262, 267 (6th Cir. 2003). "[A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Hollins v. Atl. Co.*, 188 F.3d 652, 662 (6th Cir. 1999) (quoting *Crady v. Liberty Nat. Bank & Tr. Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993)). Indeed, "[a] tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *White v. Burlington N. & Santa Fe R. Co.*, 364 F.3d 789, 798 (6th Cir. 2004) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 2268, 141 L. Ed. 2d 633 (1998)). "A tangible employment action

in most cases inflicts direct economic harm." *Id.* at 798 (quoting *Burlington Indus.*, 524 U.S. at 762).

The amended complaint identifies the following employment actions by PCSI: "preventing [Jackson] from working near Defendant Manktelow;" preventing Jackson from cleaning Manktelow's "office until she left;" "labeling [Jackson] a stalker[;] and participating in the defamatory comments by advancing Defendant Manktelow's false reports." DN 5, at PageID # 21–22. None of these alleged actions rise to the level of a significant change in Jackson's employment status. *See White*, 364 F.3d at 798.

Jackson has failed to allege that his hours were reduced or changed, but only that he had to wait to clean Manktelow's office. DN 5, at PageID # 25. Even if the Court construes this as change in work hours, such a change is not an adverse employment action under Sixth Circuit precedent. *See Amann v. Potter*, 105 F. App'x 802, 807–08 (6th Cir. 2004) (collecting cases finding a shift change was not an adverse employment actions).

Likewise, Jackson's allegations that PCSI "label[ed] him a stalker" and "participat[ed] in the defamation by advancing Defendant Manktelow's false reports" (DN 5, at PageID # 21) fail to rise to the level of an adverse employment action. The Supreme Court has held that a "mere utterance of an . . . epithet which engenders offensive feelings in a[n] employee, does not sufficiently affect the conditions of employment to implicate Title VII." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993) (internal citation and quotation marks omitted). Jackson makes no factual allegations regarding what actions PCSI took to "advance" the "false report." Thus, these allegations do not constitute a significant change in Jackson's employment status. Jackson argues that his "supervisors now closely monitor him at all times." DN 21, at PageID # 160. This allegation does not appear in the amended complaint, and

Jackson cannot effect an amendment to the complaint by including this claim for the first time in a responsive brief.

Jackson points to *Michael v. Caterpillar Financial Services Corporation*, where the Sixth Circuit set forth the expanded definition of a materially adverse employment action in a Title VII retaliation claim to include "other indices that might be unique to a particular situation." 496 F.3d 584, 594 (6th Cir. 2007) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 553 (6th Cir. 2002)). Jackson argues that PCSI's actions, taken together, "represent other indices of negative employment actions." DN 21, at PageID # 161. Taking all PCSI's alleged actions together, Jackson fails to allege a significant change in his employment circumstances. *See White*, 364 F.3d at 798. Therefore, Jackson has failed to allege an adverse employment action, and has thus failed to allege a plausible Title VII claim.

### B. Similarly Situated Employee

Jackson has also failed to allege facts to support an inference that PCSI's actions were taken because of his race. Two assertions in the amended complaint refer to PCSI and racial discrimination: "[u]pon information and belief Defendants' actions were due to Plaintiff's race" (DN 5, at PageID # 22); and "Plaintiff was treated less favorably than other employees of Professional Contract Services while he was contracted out to work at Fort Knox." *Id.* at 25. These assertions are legal conclusions unsupported by any factual allegations. A "formulaic recitation of a cause of action's elements" is insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Jackson has failed to provide factual allegations to support an inference that similarly situated non-protected employees were treated more favorably than himself. He has therefore failed to plausibly allege that PCSI's actions were taken because of his race. While Jackson is not

6

required to prove the elements of the prima facie case at the pleading stage, the amended complaint must contain sufficient factual allegations to support an inference that Jackson was subjected to disparate treatment by PCSI because of racial discrimination to avoid dismissal. The amended complaint fails to do so. Courts "have not hesitated to dismiss disparate treatment Title VII claims with comparable pleading deficiencies." *Harris v. Mayorkas*, No. 21-CV-1083 (GMH), 2022 WL 3452316, at *6 (D.D.C. Aug. 18, 2022) (collecting cases dismissing complaints that failed to provide factual allegations regarding similarly situated employees). Jackson has failed to allege a plausible Title VII discrimination claim, and PCSI is entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for judgment on the pleadings by separate order.

June 7, 2023

Charles R. Simpson III, Senior Judge
United States District Court